FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAYVIN KNEMEYER,<br><br>           Plaintiff,<br><br>v.<br><br>CHERI PODRUZNY, LESLIE LAMKIN, and DOES 1–20,<br><br>           Defendants. | No. 2:19-cv-00108-SMJ<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS** |

Before the court, without oral argument, is Defendant Cheri Podruzny and Leslie Lamkin's Motion and Memorandum to Dismiss Pursuant to FRCP 12(b)(6), ECF No. 39. There are also two outstanding Orders to Show Cause as to Plaintiff Dayvin Knemeyer, who is proceeding *pro se*, ECF Nos. 36, 43, and an Order Requiring Clarification, ECF No. 37. Plaintiff has failed to respond to the motion or to any of the Court's Orders and has not participated in the case in any way since December 9, 2019. Having reviewed the motion and the file in this matter, the Court is fully informed and dismisses this action for failure to prosecute and failure to obey the Court's orders.

Plaintiff filed the Complaint on April 1, 2019, *see* ECF No. 1, and Defendants

filed an Answer on April 24, 2019, ECF No. 5. Plaintiff filed this action *pro se*, but retained counsel on August 9, 2019, though counsel sought to withdraw on November 15, 2019 due to a significant difference in opinion regarding the merits of the case. ECF Nos. 1, 24, 30. The Court granted counsel's motion to withdraw. ECF No. 35. Plaintiff is again proceeding *pro se*. *See* ECF No. 34.

After setting and resetting a telephonic scheduling conference multiple times, *see* ECF Nos. 7, 23, 25 & 32, on January 17, 2019, the Court issued an Order to Show Cause and Resetting Telephonic Scheduling Conference. ECF No. 36. This Order required all parties to show cause by February 13, 2020 why they should not be sanctioned for failing to comply with the original Notice Setting Court's Scheduling Conference, ECF No. 7. ECF No. 36. Defendants filed a response to the Order to Show Cause, but Plaintiff did not respond, and so this Court discharged the order as to Defendants only. ECF Nos. 40, 43. Also on January 17, 2019, the Court issued an Order Requiring Clarification ordering Plaintiff to clarify his intention behind submitting a copy of a Petition for Writ of Certiorari, ECF No. 34. ECF No. 37. Plaintiff was required to respond to the Order Requiring Clarification by no later than February 1, 2019. *Id.* On January 29, 2020, Defendants filed a Motion to Dismiss. ECF No. 39.

On February 21, 2020, this Court issued a second Order to Show Cause, requiring Plaintiff to show cause by February 27, 2020. Plaintiff was ordered to

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND
FAILURE TO OBEY COURT ORDERS – 2

explain why he should not be sanctioned for failing to comply with the Court's Order Requiring Clarification and to provide the requested clarification, and to explain his failure to comply with the prior Order to Show Cause and to respond to Defendants' assertions that Plaintiff was unresponsive to attempts to meet and confer. ECF No. 43.

As of the date of this Order, Plaintiff has failed to respond to the first Order to Show Cause, ECF No. 36, the Order Requiring Clarification, ECF No. 37, the second Order to Show Cause, ECF No. 43, or Defendant's motion to dismiss, ECF No. 39. Indeed, Plaintiff has taken no action in this case since December 9, 2019. ECF No. 34.

The Court has the inherent power to manage the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with its orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642.

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS – 3

The first, second, third, and fifth factors weigh in favor of dismissal. Plaintiff has failed to engage with this case in any way since December 2019 or to respond to three of this Court's Orders or Defendant's motion to dismiss.[1] Regarding the availability of less drastic sanctions, Plaintiff has been unresponsive to each of the Court's Orders to Show Cause and has not engaged with this case in over four months. As such, dismissal without prejudice is the appropriate sanction. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, Plaintiff's failure to move the case towards a disposition outweighs the public policy favoring disposition on the merits. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds dismissal of this action without prejudice is appropriate.

---

[1] Under Local Civil Rule 7(e), the Court may construe Plaintiff's failure to respond to Defendant's motion to dismiss as a consent to dismissal. Thus, Plaintiff's failure to respond forms an independent and alternative basis weighing in favor of dismissal.

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS – 4

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to obey Court orders.

2. All pending motions are **DENIED AS MOOT**.

3. All hearings and other deadlines are **STRICKEN**.

4. The Clerk's office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff and counsel for Defendants.

**DATED** this 21st day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge